Good morning. May it please the Court, my name is Francisco León and I represent the appellant in this case, Mr. Herman Acosta-Salinas. I'm going to submit the issue with regard to the second argument that we made, this Court having decided Quintero-Junco, which I think essentially disposes of that issue. Right. And I'd like to focus, if I can, on whether or not that conviction under ARS Section 13-1404 is a crime involving moral turpitude. Here also we have a little bit of developing law in the case of the Court's recent decision on Olivas-Mota. And what's interesting is that the Court says essentially that whether or not a crime is a crime involving moral turpitude can be determined simply by looking at the offense. It's got to be complete within itself and it has to have, as an element, the element of moral turpitude. We submit to the Court that Section 1404 of Title 13 in Arizona does not contain such an element. And for that reason, the immigration judge's conclusion that it was a crime involving moral turpitude, without much analysis other than asking the defendant whether he had been convicted of that crime and whether he agreed that he had been convicted and agreed. Why did he have to agree whether he'd been convicted? He had been convicted. He had been convicted. So why did he have to agree? He didn't have to agree. But in essence, what the prosecution is arguing in this case is that the defendant essentially agrees he's been convicted of a crime involving moral turpitude because that's what the allegation was in the notice to appear. And the government takes the view that, in essence, the defendant has agreed that it is a crime of moral turpitude when it should have been a legal question for the immigration judge to determine. And as I say, the immigration judge did so without much analysis at all. Why does the modified categorical approach establish that this was a crime of moral turpitude? Well, Olivas-Mota says essentially that a crime involving moral turpitude does not require categorical analysis. You look at the statute that's being charged, and if it has as an element moral turpitude, then the offense is a crime involving moral turpitude. You don't have to go to the modified categorical analysis or look at the facts in order to determine whether or not there's a moral turpitude element in the offense. And as I say, that's the discourse decision in Olivas-Mota. And in this instance here ---- Roberts, apparently it's undisputed that he was convicted of the portion of the statute that involves forcible sexual touching of the victim. That's correct. So then why isn't that the end of the inquiry? Why isn't that a crime of moral turpitude? Well, because not all sexual offenses are crimes involving moral turpitude. The definition of moral turpitude, I think, is pretty vague. And it involves in some instances, particularly with regard to sexual offenses, an element of specific intent to have some kind of sexual gratification. That's certainly not included in the Arizona statute. The only thing that's required in the Arizona statute is a sexual touching, a knowing sexual touching of a person without their consent. And none of those elements, or neither of those elements, requires moral turpitude. It can be something completely without force or without threat or without violence of any kind or even a threat of violence. But ---- and that's exactly the reason why it shouldn't be. Give me an example of a forcible sexual touching without consent that wouldn't be ---- that wouldn't have some violence. Well, under the Federal statute, the Federal definition, it could involve something. For example, where a person is unable to consent. I'm sorry? Where a person is unable to consent, where you ---- Why is it forcible touching without consent? Because it's defined that way both under the Federal law and under the sentencing guidelines. They say if there's no consent, it's considered a forcible sexual offense. And there was no consent here. And we know that because under the statute, the statute has two parts, one of which provides where the victim is not less than 15, and we know the victim here was not less than 15. So we know that it had to be without consent, don't we? Yes, but the absence of consent doesn't necessarily, I think, make it a crime involving moral turpitude. And ---- I apologize. I just understood you to say that's where the line was drawn. If there was consent, it wasn't going to be moral turpitude. So how is it the absence of ---- then I go back to Judge Silverman's question. Give me an example where there's absence of consent and there's forcible sexual assault, and it's not a crime of moral turpitude. Well, I think what I said was that it requires some specific intent by the actor to be ---- to have no consent and sexual touching. That's where, at least from my reading of the cases, sexual offenses do become offenses involving moral turpitude. And the Gonzales-Cervantes case which is cited in the briefs is an example of that, where you had actually under an Arizona ---- excuse me, a California statute, misdemeanor offense of sexual battery, but one of the elements is specific intent to, I believe it's have sexual gratification of some sort. That's not a requirement under Arizona law. And in the Cervantes-Gonzales, it appears that the Court considered the fact that there was a specific intent required in that statute in order to conclude that even though a misdemeanor, it was an offense involving moral turpitude. And I think the other cases that are cited in the briefs support that, where you have a specific intent element to the sexual offense. Those are the offenses, it appears, that the Court finds do involve moral turpitude. But there's a number of other offenses where ---- that are sexual offenses, by any stretch of the word, I think, that the Court has found are not necessarily crimes involving moral turpitude or crimes of violence. And that's the difficulty, I guess, with trying to decide whether or not this offense is a crime involving moral turpitude. There's nothing innate about the statute, by looking at it, that you can say, well, that involves moral turpitude. It's not like a misdemeanor offense. Kennedy, that moral turpitude is not the most precise concept. We know that. I'm still struggling, I guess, with the notion of what is it that requires I mean, your client was convicted under Arizona law of sexual assault in the fifth degree, and we know because the victim was not less than 15, that meant no consent. And I'm still not clear on what the missing piece is. If your client was adjudicated as being guilty of a crime that involved no consent, why is that not a crime involving moral turpitude? Because it doesn't have a specific intent. There's no intent requirement at all to it, other than the general intent. And so I don't think it's a crime involving moral turpitude, and I don't think it's   involving moral turpitude to commit the offense. But what is it that tells me that specific intent is required to have a crime of moral turpitude? Cervantes-Gonzalez, decided by this Court, and the other cases which I, which are sexual offenses, involve moral turpitude, only those that require a certain type of specific intent. At least, that's my reading. Granted, there's nothing that's been specifically said. I'm going to run out of time, and I want to reserve some time for rebuttal. Thank you, Mr. Leone. Good morning. May it please the Court. Erica Sager on behalf of the District of Arizona. Given the defendant's concessions with regard to the sentencing enhancement, I'll focus my argument solely on his challenge to the underlying removal under USC 1326d. The immigration judge in this case properly found the defendant removable. His conviction for sexual abuse under Arizona law is under a modified categorical approach to a crime involving moral turpitude. This Court has, in Nunez, talked about the kind of different categories of crimes involving moral turpitude, whether there is actual harm to the victim or a protected class of victim. And in Gonzalez-Cervantes, this Court found that sexual conduct actually harmed the victim through a non-consensual touching. That's exactly what we have in this case. We have a non-consensual touching of the victim. The defendant focuses a lot of time on Olivas-Mata, and from the government's perspective, that case didn't hold that involving moral turpitude has to be an explicit element of the statute, but merely that the judge, the immigration judge or the district court judge can't look beyond the record of conviction in determining whether or not the statute in and of itself involves moral turpitude. Here, the elements of the Arizona case or the Arizona conviction are intentionally or knowingly engaging in sexual contact, and the defendant had to know that the sexual conduct was without consent. So there is a specific intent element to the Arizona statute. He has to knowingly engage in the contact, and he has to know that the victim is not giving consent, and Arizona law defines various options for non-consent. Even if the court has any questions about the crime involving moral turpitude? Well, so your position on that is you accept that there's a requirement for some degree of intent on the part of the defendant, but you're arguing that the conviction under the Arizona statute demonstrates the existence of the required consent intent? Yes, Your Honor. I think this Court has been very clear that cases that do not have some level of scienter on behalf of the defendant do not necessarily qualify or are not crimes involving moral turpitude. We don't have that issue here. The second prong of the Court's analysis is even if the immigration judge erred in determining that his convict the defendant's conviction was a crime involving moral turpitude, he still can't show prejudice in this case because the conviction was an aggravated felony crime of violence. It was categorically, well. Is that a ground we can rely upon? Yes, Your Honor. This Court can affirm a denial of a motion to dismiss on any grounds in the record. So he can't show that there was any actual prejudice to his removal order. Again, this is assuming that the immigration judge erred in his conclusion with regard to the crime involving moral turpitude because the sexual touching without consent of the victim would meet the definition of crime of violence under the aggravated felony provision in that it would have a substantial risk that physical force may be used in the commission of the offense. The defendant was sentenced to over a year on a probation violation, so it would meet the definition of aggravated felony under the crime of violence definition. If the Court doesn't have any other questions, I will submit on what I've already said. Thank you. No questions? Thank you, Ms. Siegel. Mr. Leone, you've got about a minute and change left. I will be brief. I believe that the Court, at least under case law, cannot affirm on the basis that it may have been an aggravated felony. And the case that I cite, it's not cited in the materials, but I did research this point, Almutareb v. Holder, 561, Fed 3rd, 1023, where the defendant was alleging essentially that the basis for the deportation was not included in the notice to appear and the district court went ahead and decided that the facts were sufficient. This Court said, unless the immigration judge has been presented with that ground and has considered that ground and made a finding that it is an aggravated felony, you can't simply affirm on the basis that it was never presented to the immigration judge. And I think that's the same situation here. The only issue that was presented to the immigration judge was that it was a crime involving moral turpitude. That's the only issue that the court decided, the immigration court decided. And for that reason, I would submit that an assertion now that it was an aggravated felony also should not help the government. Thank you. Thank you, Mr. Leone. Ms. Siegel. Thank you as well. The case just argued is submitted. Good morning.
judges: Watson, SILVERMAN, CLIFTON